UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cassandra Hope Bennett, | Case No. 24-CV-3244 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Minnesota Department of Corrections and Paul Schnell, | |
| Defendants. | |

Plaintiff Cassandra Hope Bennett has applied for *in forma pauperis* ("IFP") status. *See* Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs [ECF No. 2 ("IFP Application")].[1] Because Bennett is a prisoner, *see* 28 U.S.C. § 1915(h), the IFP Application is governed by 28 U.S.C. § 1915(b), which requires that prisoners seeking IFP status pay an initial partial filing fee upon initiating a civil action. *See Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). The initial partial filing fee that a prisoner-litigant owes is 20 percent of the greater of (1) "the average monthly deposits to the prisoner's [facility trust] account . . . for the 6-month period immediately preceding the filing of the complaint" or (2) the account's "average monthly balance" during the same timeframe. *See* 28 U.S.C. § 1915(b)(1).

The Court has calculated the initial partial filing fee that Bennett owes here from the Certificate of Authorized Prison Official she has submitted [*see* IFP Appl. 6], and finds

---

[1] Bennett identifies as a transgender female [*see, e.g.*, ECF No. 1 at 4 ("Complaint")], and for purposes of this Order the Court will refer to her using feminine pronouns.

that Bennett must submit an initial partial filing fee of $57.47.[2] This action will not go forward until Bennett's initial partial filing fee of $12.66 has been paid in full. If Bennett does not pay her initial partial filing fee within 21 days of this Order's date, the Court will deem Bennett to have abandoned this action and will recommended dismissing this case without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, the Court offers Bennett the following warnings:

- If Bennett elects to pursue this action through payment of the $57.47 initial partial filing fee, the entire remaining balance of the $350.00 statutory filing fee will have to be paid in later installments. Officials where Bennett is confined will be notified of this requirement and authorized to withdraw funds from Bennett's facility trust account and remit those funds to the Court, consistent with § 1915(b), regardless of whether Nelson succeeds in this action.

- Upon payment of the initial partial filing fee, the Court will review Bennett's complaint and determine whether she has pleaded a viable claim for relief over which the Court has jurisdiction. If the Court finds that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, Bennett will incur a "strike" under 28 U.S.C. § 1915(g). After incurring three or more such "strikes," Bennett's ability to proceed IFP in federal court will be greatly restricted.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Cassandra Hope Bennett must pay an initial partial filing fee of at least $57.47 within 21 days of this Order's date.

---

[2] The Certificate states that the amount of Bennett's average monthly deposits during the preceding six-month period was $287.39, while her average balance during the same period was $179.72. [*See* IFP Appl. 6.] Because the deposits amount exceeds the balance amount, Bennett's initial partial filing fee in this case, under the formula of 28 U.S.C. § 1915(b)(1), will be 20 percent of the average deposits amount, or $57.47.

2.  Should Bennett fail to pay the initial partial filing fee, the Court will recommend dismissing this action without prejudice for failure to prosecute.

Dated: August 20, 2024

*s/ Tony N. Leung*

_____
Tony N. Leung
United States Magistrate Judge

*Bennett v. Minnesota Department of Corrections*
Case No. 24-CV-3244 (NEB/TNL)